UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TRI-CITIES MEMORY ) | |
| GARDENS, INC. ) | |
| ) | |
| ) | NO.: 2:14-CV-361 |
| ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

The appellant/debtor, Tri-Cities Memory Gardens, Inc. ("TCMG"), has filed a Motion for Emergency Stay Pending Appeal, [Doc. 3]. TCMG seeks a stay of the October 20, 2014 order of the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") dismissing TCMG's Chapter 11 case. The appellees, East Tennessee Funeral Home & Crematory, LLC ("ETFHC") and Tennessee Department of Commerce and Insurance, Division of Regulatory Boards, Burial Services Section ("TDC&I"), have responded, [Docs. 10 and 12], and the matter is ripe for review.

On December 9, 2014, this Court temporarily stayed the matter until such time as the Court could render a decision on the merits of the motion. The Court has now thoroughly reviewed the record. For the reasons that follow, TCMG's Motion to Stay is DENIED; however, the temporary stay shall remain shall remain in effect until 10 days after the entry of this Order.

TCMG owns and operates two cemeteries in East Tennessee. One is located in Blountville and the other in Church Hill. These include land, mausoleums, and chapels at each location. TCMG secured a $1.7 million loan from First Tennessee Bank ("FTB") to renovate the

Blountville cemetery and build the funeral home at that location. TCMG defaulted on this loan, and FTB was proceeding to foreclose on the property. TCMG, however, filed for Chapter 11 bankruptcy protection on March 30, 2012.

On November 16, 2012, the Bankruptcy Court entered an Agreed Order between TCMG and FTB which set forth agreed terms of the Bankruptcy Plan. This plan was opposed by TDC&I. After a hearing, TCMG and TDC&I reached an agreement, and those terms were incorporated into a Fourth Amended Plan of Reorganization (the "Plan"). The Bankruptcy Court confirmed that Plan on July 22, 2013.

Under the terms of the Plan, among other things, TCMG was to pay six monthly payments of principal and interest with the balance of all remaining principal and interest due on January 31, 2014. The Plan also contained conditions to ensure TCMG complied with state cemetery and burial law. TCMG was to create a new pre-need funeral trust fund and make certain required deposits into existing trust funds.

On December 11, 2013, the Bankruptcy Court entered a Final Decree that the bankruptcy case had been fully administered. That same month, on December 30, 2013, FTB sold its note to ETFHC. TCMG did not pay the note balance by January 31, 2014. Thus, ETFHC sent TCMG a letter on February 4, 2014, giving TCMG the right to cure. TCMG offered to purchase the note for $80,000.00 more than ETFHC paid for the note and requested an extension of the note. ETFHC refused and notified TCMG on March 6, 2014, that it had scheduled a foreclosure sale for April 11, 2014. TCMG commenced the current Chapter 11 case on April 4, 2014.

ETFHC moved to dismiss the current case pursuant to Title 11 United States Code section 1112(b) because TCMG filed the case in bad faith. *See* 11 U.S.C. § 1112(b (2014). TDC&I joined in the motion. The Bankruptcy Court granted ETFHC and TDC&I's motion on

October 28, 2014. On November 5, 2014, ETFHC informed TCMG that a foreclosure sale was scheduled for the Blountville, Tennessee property and improvements on December 10, 2014. TCMG filed a Notice of Appeal of the Bankruptcy Court's dismissal to this Court on November 6, 2014. That same day, TCMG filed a Motion for Stay of the Dismissal Order Pending Appeal in the Bankruptcy Court. On December 2, 2014, the Bankruptcy Court denied the motion. Then on December 4, 2014, TCMG filed the instant Motion to Stay to prevent the December 10, 2014 foreclosure sale. As stated above, the Court issued a temporary stay on December 9, 2014.

Rule 8005 provides:

> Stay pending appeal: A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court. . . .

Fed. R. Bankr. P. 8005. When deciding a motion to stay pursuant to this Rule, the Court must balance the following four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc.*

3

*v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991); *see also In re McInerney*, 490 B.R. 540, 544 (Bkrtcy. E.D. Mich. 2013). The Court will discuss each of these in turn.

**1. Likelihood of Success on Appeal**

TCMG appeals the Bankruptcy Court's dismissal of the current Chapter 11 bankruptcy case. The Bankruptcy Court dismissed the case for cause under § 1112(b), reasoning that it was filed in bad faith. Generally, TCMG argues that it is likely to succeed on appeal because the appeal presents three questions of law which are issues of first impression in the Sixth Circuit. These are:

> (1) Does the *Laguna* eight (8) factor test or *Laguna* itself not apply in a case involving Chapter 11 serial filings, even though the basis asserted for dismissal is bad faith?;
>
> (2) When is a serial Chapter 11 filing filed in bad faith?; and
>
> (3) Assuming the Sixth Circuit would adopt the holdings of the Seven Circuit in *Fruehauf*, the Fifth Circuit in *Elmwood Development* or the five factor test of *In re Bouy, Hall & Howard & Associates*, 209 B.R. 737, 743-44 (Bankr. S.C. Ga. 1995), do the facts of this case give rise to unforeseeable or unanticipated changes in circumstances?

[Doc. 4, pgs. 10, 12 and 14].

This Court has reviewed the entire record, including the Bankruptcy Court's opinion on dismissal. It is true that the Bankruptcy Court did not specifically discuss the *Laguna* factors, *see Laguna Assocs. Ltd. Partnership v. Aetna Casualty Sur. Co.*, 30 F.3d 734, 737-38 (6th Cir. 1994), and instead used the *Bouy* factors as its guide. However, as the Bankruptcy Court correctly stated in its Order denying the Motion to Stay Pending Appeal, [Doc. 1-79], neither the *Laguna* factors nor the *Bouy* factors are exclusive. As the Sixth Circuit stated in *Laguna*, "Whether the debtor filed for relief in good faith is a discretionary determination that turns on the

4

bankruptcy court's evaluation of a multitude of factors." As the Sixth Circuit further emphasized, "[g]ood faith is an amorphous notion, largely defined by factual inquiry." *Id.* at 738 (quoting *In re Okoreeh-Baah*, 836 F.2d 1030, 1033 (6th Cir.1988)). It is clear that the Bankruptcy Court analyzed a multitude of factors, using the *Buoy* factors as a guide since that case dealt with serial filings as we have here. The Bankruptcy Court considered the totality of the facts. See [Doc. 1-79, pgs. 3-5] for a list of facts and factors considered by the Bankruptcy Court.

Thus, it is this Court's opinion that likelihood of success on the merits cannot be shown despite the fact that the Sixth Circuit has not enumerated a specific list of factors as a guide when analyzing bad faith in serial filings. The Sixth Circuit was clear that no set of factors are exhaustive and that a multitude of factors be analyzed. That is what the Bankruptcy Court did. In this Court's opinion, that Court did so thoroughly and correctly.

Specifically, TCMG is not likely to succeed on the merits of the appeal because of all of the numerous factors listed at pages three through five of the Bankruptcy Court's Order denying the Motion to Stay Pending Appeal. [Doc. 1-79]. In addition, there was no material or unforeseeable change in circumstances associated with TCMG's obligations that justified a second petition. To be sure, however, this Court will highlight a few factors considered by the Bankruptcy Court. TCMG failed to repay the amount due on the loan in accordance with the Plan regardless of the holder of the note. It is not an extraordinary circumstance that the note was sold; this was surely foreseeable. TCMG failed to create and make initial deposits into the requisite trust fund as outlined by the Plan. TCMG exhibited other improper conduct regarding deficient trust funding transactions, sales of burial containers by unregistered agents, and lack of fidelity bond insurance. The instant bankruptcy case was an improper attempt to modify a

5

confirmed reorganization plan, a request which had previously been denied in the first bankruptcy case. Thus, it was filed in bad faith, and the Bankruptcy Court properly granted the motion to dismiss for cause under § 1112(b). For the above reasons, TCMG is not likely to succeed on the merits of the appeal. Accordingly, this favor weighs against TCMG.

**2. Likelihood of Irreparable Harm to TCMG**

TCMG has stated that the Blountville, Tennessee property is its primary business asset. Loss of this asset at a foreclosure sale would render any attempt at reorganization moot, effectively denying it the opportunity for appellate review of the Bankruptcy Court's decision to grant ETFHC and TDC&I's motion to dismiss the second bankruptcy case.

This Court must consider three factors in evaluating the degree of harm to TCMG. These include: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *In re Village Green I, GP*, No. 14-2351-STA, 2014 WL 2589444, at *4 (W.D. Tenn. June 10, 2014). In addition, there is a proportional test the Court must consider. "The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [TCMG] will suffer absent the stay." *Mich. Coal. Of Radioactive Material Users, Inc. v. Greipentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

Here, if the stay is not issued, then a foreclosure sale in inevitable. If the property is sold, then the loss of TCMG's primary business asset is irreparable. As such, this factor weighs in favor of TCMG.

**3. Prospect of Harm to ETFHC and/or TDC&I**

ETFHC argues that a stay will delay its contractual remedies and result in lost opportunities and additional or increased costs. The Court agrees with ETFHC although it notes that these ill effects are not extremely substantial especially considering TCMG's stated proposal

6

of monthly payments to ETFHC during the stay. Nonetheless, harm to ETFHC could be suffered.

More importantly, there is a greater likelihood of harm to the State of Tennessee and its citizens, for TCMG has continued in its failure to comply with state law in the operation of its business. TCMG vowed to come into compliance in the Plan and utterly failed to do so without any legitimate excuse as to why. Considering this defenseless failure, this factor weighs against TCMG.

**4. Public Interest**

While it is true there has been no proof of actual harm to the public for TCMG's failure to comply with state law thus far, the public interest would not be served in issuing a stay. Issuing a stay would likely result in continued noncompliance with state law. Although TCMG asserts that it would come into compliance, it previously agreed to follow the regulations in the Plan. Since that agreement, it has inexcusably failed to do so. Thus, there are no guarantees, and this Court will not take the chance of continued noncompliance which puts the public at risk. Thus, this factor weighs against TCMG.

In sum, because three of the four the factors weigh against TCMG, the Motion to Stay is DENIED. However, the temporary stay shall remain in place for 10 days after the entry of this Order and will be automatically lifted without further order of the Court at that time.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE